IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

TRACEY SCROGGINS and JOSEPH SMITH                                    PLAINTIFFS

v.                                                CIVIL ACTION NO. 1:24-CV-166-SA-RP

TRAVENTEZ EVANS; B&T EXPRESS, INC.;
RLI UNDERWRITING SERVICES, INC.; and
PRIMACY RISK SERVICES, INC.                                          DEFENDANTS

ORDER AND MEMORANDUM OPINION

Tracey Scroggins and Joseph Smith ("the Plaintiffs") initiated this civil action by filing their Complaint [2] in the Chancery Court of Monroe County, Mississippi on July 29, 2024. Primacy Risk Services removed the action to this Court on August 30, 2024, premising federal jurisdiction on diversity of citizenship. In particular, the Notice of Removal [1] alleged that Traventez Evans, the only non-diverse defendant, was improperly joined. Now before the Court is the Plaintiffs' Motion to Remand [18]. All Defendants have responded to the Motion [18] and it is ripe for review.

Additionally before the Court are Evans' and B&T Express Inc.'s Motion to Dismiss for Failure to State a Claim [20] and RLI Underwriting Services, Inc.'s Motion to Dismiss for Failure to State a Claim [22]. The Plaintiffs have not responded to these Motions [20, 22], but their time to do so has passed.[1] The Court is prepared to rule.

*Relevant Factual and Procedural Background*

According to the Complaint [2], on January 23, 2024, the Plaintiffs were traveling eastbound in the right lane of Interstate 22 in New Albany, Mississippi. At that time, Evans was

---

[1] Per Local Uniform Civil Rule 7(b)(3)(E), the Court will not grant the dispositive motions as unopposed but will consider their merits without the benefit of a response.

traveling eastbound in the left lane and struck the Plaintiffs' vehicle as he was attempting to merge into the right lane.

The Complaint [2] alleges that at the time of the collision, Evans was employed by and acting in the course and scope of his employment with B&T Express who is therefore vicariously liable for Evans' acts and omissions. The Complaint [2] further alleges that RLI insured Evans' vehicle.

According to the Complaint [2], the Plaintiffs hired MW Law Firm LLC to represent them solely with respect to their bodily injury claims. Plaintiff Joseph Smith filed a property damage claim with RLI on his own accord.

The Complaint [2] alleges that "B&T Express contracted with Defendant Primacy Risk to handle any claims that were filed as a result of the subject collision." [2] at p. 2. "A representative from Defendant Primacy Risk or from B&T Express' insurer took pictures of Plaintiff Joseph Smith's damaged vehicle and communicated with [his] lienholder to set an amount that would be paid for the property damage." *Id.* at p. 4. In short, the Complaint [2] alleges that Brent Souliere, a representative of Primacy Risk, informed Smith that the payoff on the vehicle was $15,702.50, but the lienholder would release Smith and the title to the vehicle for $9,016.88, the actual cash value of the vehicle. Souliere later "emailed [Smith] stating that he received the letter of guarantee showing the release and satisfaction of the loan and copy of the title" from the lienholder. *Id.*

According to the Complaint [2], Souliere then emailed the Plaintiffs a release to sign and informed them that he included an additional $500 for their "troubles and inconvenience" that would go directly to them. *Id.* The release contained language releasing Evans and B&T Express from "'any and all known and unknown, foreseen and unforeseen bodily injuries, personal injuries,

and property damages' resulting from the subject collision." *Id.* at p. 5. The Plaintiffs signed the release and returned it.

The Complaint [2] alleges that Primacy Risk falsely represented to the Plaintiffs that the release applied only to the property damage claim and that they would be paid an additional $500. According to the Complaint [2], notwithstanding Souliere's prior representation, $9,516.88 (the cash value of the vehicle + $500) was paid directly to the lienholder and Smith still owes $6,185.62 on the loan. The Complaint [2] further asserts that RLI denied the Plaintiffs' subsequent bodily injury claims pursuant to the release the Plaintiffs signed at Souliere's request.

The Complaint [2] brings the following claims: misrepresentation and fraud in the inducement, unilateral mistake justifying reformation or rescission, and equitable estoppel. The claims are premised upon Primacy Risk's alleged false representations regarding the release. The Complaint [2] further requests a declaratory judgment finding the release null and void.

The central issue in each Motion [18, 20, 22] before the Court is whether the Complaint [2] adequately states a claim against Evans, B&T Express, and RLI. When Primacy Risk removed the case to this Court on diversity grounds, it alleged that Evans, the non-diverse defendant, was improperly joined because the Complaint [2] only contains allegations of wrongdoing as to Primacy Risk.[2] In their Motion to Remand [18], the Plaintiffs argue that all Defendants are properly joined and necessary parties. Thus, the Plaintiffs contend that the parties are not completely diverse and the Court lacks jurisdiction.

Similarly, in their Motions to Dismiss [20, 22], Evans, B&T Express, and RLI allege that the Complaint [2] fails to state a claim against them because the allegations only relate to Primacy

---

[2] The Notice of Removal [1] additionally asserted the B&T Express and RLI are improperly joined. However, the Court's improper joinder analysis will focus only Evans, the non-diverse defendant.

Risk's alleged wrongdoing. As noted, the Plaintiffs have not responded to the Motions to Dismiss [20, 22].

## Analysis and Discussion

The Court will resolve the question of jurisdiction before turning to the Motions to Dismiss [20, 22]. *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 209 (5th Cir. 2016) ("[A]s long as a non-diverse party remains joined, the *only* issue the court may consider is jurisdiction itself.") (emphasis in original).

I.    *The Plaintiffs' Motion to Remand [18]*

District courts have original jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between the parties. *See* 28 U.S.C. § 1332(a).[3] A defendant may remove to federal court any civil action brought in state court over which the district court would also have original jurisdiction. *See* 28 U.S.C. § 1441(a).

"Joinder of a party solely for the purpose of blocking jurisdiction based on diversity may be established by showing (1) actual fraud in the pleadings or (2) the 'inability of the plaintiff to establish a cause of action against the nondiverse party in state court.'" *Cumpian v. Alcoa World Alumina, L.L.C.*, 910 F.3d 216, 219 (5th Cir. 2018) (quoting *Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016)). At issue here is the second scenario, which the Fifth Circuit refers to as "improper joinder." *Id.*

To establish improper joinder, the defendant must demonstrate that "there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there

---

[3] The Notice of Removal [1] alleges that the Plaintiffs are Mississippi citizens; Evans is an improperly joined Mississippi citizen; B&T Express is a citizen of Ohio; RLI is a citizen of Illinois; and Primacy Risk is a citizen of Ohio. *See* [1] at p. 2. The Notice of Removal [1] further asserts, and the Plaintiffs do not dispute, that the amount is controversy is satisfied on the face of the Complaint [2].

4

is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* (quoting *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc)).

"On a motion to remand, the burden of persuasion is on the party claiming improper joinder." *Id.* at 219-20. In considering the motion, the court views "all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." *Id.* at 220 (quoting *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003)). "The court should apply a Federal Rule of Civil Procedure 12(b)(6) standard; if the complaint is sufficient to state a claim, there is no improper joinder." *Id.* (citing *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 401 (5th Cir. 2013)).[4]

Under the 12(b)(6) standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 157 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, 129 S. Ct. 1937 (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. 1955).

The Complaint's first claim is "misrepresentation and fraud in the inducement." [2] at p. 5. Intentional or fraudulent misrepresentation requires:

> (1) a representation, (2) its falsity, (3) its materiality, (4) the speaker's knowledge of its falsity or ignorance of its truth, (5) his intent that it should be acted on by the hearer and in the manner

---

[4] "[W]here a complaint states a claim that satisfies 12(b)(6) but has 'misstated or omitted discrete facts that would determine the propriety of joinder…the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Cumpian*, 910 F.3d at 220 (citing *Mumfrey*, 719 F.3d at 401). The Court notes that the Plaintiffs' Motion to Remand [18] includes various exhibits. However, a summary inquiry is unnecessary and the Court therefore limits its analysis to the allegations in the Complaint [2].

> reasonably contemplated, (6) the hearer's ignorance of its falsity, (7) his reliance on its truth, (8) his right to rely thereon, and (9) his consequent and proximate injury.

*Schmidt v. Catholic Diocese of Biloxi*, 18 So. 3d 814, 831 (Miss. 2009) (quoting *McCord v. Healthcare Recoveries, Inc.*, 960 So.2d 399, 409 (Miss. 2007)).

Similarly, "fraud in the inducement 'arises when a party to a contract makes a fraudulent misrepresentation, i.e., by asserting information he knows to be untrue, for the purpose of inducing the innocent party to enter into a contract.'" *Virginia Coll., LLC v. Blackmon*, 109 So. 3d 1050, 1053 (Miss. 2013) (quoting *Lacy v. Morrison*, 906 So. 2d 126, 129 (Miss. Ct. App. 2004)).

The Plaintiff's second claim is unilateral mistake justifying reformation or recission. "A unilateral mistake justifying reformation is one where 'there is a mistake on the part of one of the parties to the contract and fraud or inequitable conduct related to the m[i]stake on the part of the other.'" *Tommy Brooks Oil Co. v. Wilburn*, 243 So.3d 166, 171 (Miss. 2018) (quoting *U.S. Fid. & Guar. Co. v. Gough*, 289 So. 2d 925, 927 (Miss. 1974)). A unilateral mistake justifying rescission is one where

> the mistake is of so fundamental a character, that the minds of the parties have never, in fact, met; or where an unconscionable advantage has been gained, by mere mistake or misapprehension; and there was no gross negligence on the part of the plaintiff, either in falling into the error, or in not sooner claiming redress; and no intervening rights have accrued; and the parties may still be placed *in status quo*[.]

*Id.* (quoting *Rotenberry v. Hooker*, 864 So. 2d 266, 271 (Miss. 2003)) (emphasis in original).

Lastly, the equitable estoppel claim "requires proof of a belief and reliance on some representation, a change of position as a result of the representation, and detriment or prejudice caused by the change of position." *Scott v. Gammons*, 985 So. 2d 872, 877 (Miss. Ct. App. 2008) (quoting *Stingley v. Redland Ins. Co.*, 943 So. 2d 86, 89 (Miss. Ct. App. 2006)).

6

Against this backdrop, the Court turns to the allegations of the Complaint [2] to determine whether the Plaintiffs have alleged sufficient facts to state a plausible claim for relief against Evans, the non-diverse defendant. The Complaint's [2] only allegations as to Evans are that he caused a collision while in the course and scope of his employment with B&T Express.[5] The Complaint [2] does not tie any conduct of Evans to the claims of misrepresentation, fraud in the inducement, unilateral mistake, or equitable estoppel. Instead, the factual allegations underpinning each claim relate to Primacy Risk's alleged representations regarding the release. *See* [2] at p. 5-8. A complaint certainly cannot state a plausible claim against a defendant where it fails to allege that the defendant was involved in or connected to the subject misconduct in any way. *See Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

The Court finds that the Complaint [2] shows no possibility of recovery against Evans on the claims asserted therein. Nevertheless, the Plaintiffs raise two arguments in favor of remand.

A.  *Possibility of Recovery Based on Relief Sought*

The Plaintiffs argue that the Complaint's [2] prayer for relief provides a basis for recovery against Evans. The Complaint's [2] prayer for relief asks the Court to declare the release null and void. The Plaintiffs argue that this remedy will "reopen[] a means in which Plaintiffs can recover unliquidated damages from Evans as well as B&T." [19] at p. 5.

Primacy Risk responds that the declaratory relief sought is a remedy, not a claim. It relies on *Mosby v. King*, 2021 WL 684944, at *2 (N.D. Miss. 2021). In *Mosby*, Plaintiff Ashley Mosby and Defendant Jehlani King entered into a business venture wherein they purchased luxury

---

[5] The Court notes that the Complaint [2] brings no negligence claim against Evans. Again, each claim relates to the allegedly false representations of Primacy Risk.

vehicles and rented them to consumers. *Id.* at \*1. MBFS financed one of the vehicles they purchased. *Id.* After the business went sour, Mosby brought claims of fraud and conversion, among others, against King, MBFS, and other creditors. *Id.* Mosby sought to void the contracts with the creditor defendants, alleging that they were the product of fraud and other wrongful acts. *Id.* Mosby's complaint additionally sought a declaratory judgment releasing her from the business-related debt. *Id.*

MBFS filed a motion to dismiss Mosby's claims, alleging that the allegations of fraud and conversion were solely asserted against King. *Id.* MBFS further argued that without a viable cause of action as to MBFS, Mosby's request for declaratory relief failed as a matter of law. *Id.* The Court agreed, finding that Mosby failed to allege that MBFS engaged in the alleged deceit required to support her claims. *Id.* at \*2. The Court further agreed that "[w]ithout a successful underlying cause of action against MBFS, Mosby [was] not entitled to a remedy of declaratory judgment against it." *Id.* (citing *Smitherman v. Bayview Loan Servicing*, LLC, 727 F. App'x 787, 792 (5th Cir. 2018)). The Court further noted that "the remedy that Mosby seeks will most certainly affect MBFS who is the lienholder of the contract at issue, however, the claims against defendants do not apply to MBFS, and, therefore, the case against MBFS should be dismissed." *Id.*

The same logic applies here. The Complaint's [2] claims require Evans to have engaged in the alleged misrepresentations that induced the Plaintiffs to sign the release. The Complaint [2] contains no factual allegations that Evans engaged in any conduct that supports the elements of their claims. While the *remedy* the Plaintiffs seek would affect Evans, the Complaint [2] contains no possibility of recovery against Evans on the claims asserted. Without a plausible cause of action against Evans, the Plaintiffs are not entitled to a declaratory judgment against him. And with no basis of recovery against Evans, the Court can only conclude that he is improperly joined.

*B. Rule 19(a)*

Lastly, the Plaintiffs argue that Evans is not improperly joined because he is a required party under Rule 19(a). Rule 19 governs the joinder of "required parties." Fed. R. Civ. P. 19. As an initial matter, the Court notes that it shares Primacy Risk's skepticism that a Rule 19 analysis is relevant to the improper joinder inquiry. *See Shahbazi v. Carrington Foreclosure Servs., LLC*, 2022 WL 4736755, at *2 (N.D. Tex. Sept. 22, 2022) (denying motion to remand where defendant was a required party under Texas law but improperly joined under Fifth Circuit precedent because plaintiff did not state a claim against him).

Nonetheless, even if Rule 19 applies in this context, the Court's conclusion remains the same because Evans is not a required party. Under Rule 19(a), there are three types of "required" parties: "(1) parties needed to give complete relief to the existing parties; (2) parties who claim interests which could be practically impaired or impeded if not joined; and (3) parties necessary to ensure that existing parties are not exposed to multiple or inconsistent obligations." *Lee v. Anthony Lawrence Collection, L.L.C.*, 47 F.4th 262, 265-66 (5th Cir. 2022) (internal citations omitted).

First, complete relief can be afforded in Evans' absence. The Plaintiffs seek damages and a declaration that the release is null and void. Though not specifically stated, the damages appear to stem from the Complaint's [2] repeated allegation that the Plaintiffs, "[a]s a direct and proximate result of Defendant Primacy Risk's representation. . . suffered financial injury in the form of delay and denial of compensation[.]" [2] at p. 6-8. The relief sought relates to Primacy Risk's representation and the claims against Primacy Risk. Complete relief can therefore be afforded in Evans' absence.[6]

---

[6] In their Memorandum [19], the Plaintiffs also assert that Evans is a required party because Primacy Risk was acting as his agent. The Complaint's [2] only allegation regarding Primacy Risk's relationship with the other parties is that "Defendant B&T Express contracted with Defendant Primacy Risk to handle any claims that were filed as a result of the subject collision." [2] at p. 3. This allegation provides too little information

Second, the Plaintiffs argue that Evans' interests would be impaired if dismissed because he may be held liable if the release is nullified. The plain language of Rule 19(a)(1)(B) indicates that a person must be joined as a party if "that person claims an interest relating to the subject of the action." Evans' Motion to Dismiss [20] indicates that he does not claim an interest in this action that only brings claims against Primacy Risk.

Still, relying on *Liberty Mutual Ins. Co. v. Lee*, 117 F.2d 735 (5th Cir. 1951), the Plaintiffs assert that Evans is a party to the release and therefore a required party to the action. In *Lee*, a small child was killed in a car accident by a truck belonging to Kinsman's Incorporated. *Id.* at 736. Liberty Mutual Insurance Company insured the Kinsman's truck. *Id.* A Liberty Mutual representative obtained from the child's parents a release of all claims against Kinsman's and the driver. *Id.*

The child's father then filed suit against Kinsman's in state court. *Id.* Kinsman's pleaded the release as a defense. *Id.* Liberty Mutual then initiated an action against the parents in federal court, seeking a declaration that the release barred the parents' claims and an injunction against the prosecution of the state court suit. *Id.* The parents argued in response that there was no controversy between them and the insurance company and, if there was, Kinsman's was an indispensable party to the settlement of the controversy. *Id.*

The Fifth Circuit affirmed the district court's dismissal of the case on the basis that there was no justiciable controversy between the parents and the insurer. *Id.* The court emphasized that "[t]he claim made by the parents was against Kinsman's, Incorporated, and not against the Insurance Company." *Id.* The court further emphasized that the insurer did have an interest in the

---

to indicate whether Primacy Risk was an agent of Evans. And notably, the Complaint [2] alleges that B&T Express is vicariously liable for Evans' acts and omissions but at no point alleges that any other party is vicariously liable for Primacy Risk's acts and omissions.

outcome of the case but found it improper for the insurance company to "take charge of [the controversy] as his own[.]" *Id.* The court ultimately found that the insurer's course of action was to defend the suit in state court. *Id.*

The Court finds *Lee* distinguishable from the case at hand. The Fifth Circuit in *Lee* found no controversy between the parents and the insurer because the parents specifically brought claims against Kinsman's, presumably personal injury or wrongful death claims related to the accident. *Id.* Conversely, the Complaint [2] in this case presents a controversy between the Plaintiffs and Primacy Risk that is distinct from the Plaintiffs' potential personal injury claims against Evans and B&T Express. Perhaps it is unusual for a plaintiff to plead these types of claims in a separate lawsuit, but the plaintiff is nevertheless "the master of [his] complaint." *Cody v. Allstate Fire and Cas. Ins. Co.*, 19 F.4th 712, 715 (5th Cir. 2021) (citation omitted). The Complaint [2] as pleaded does not indicate that Evans is a required party to this specific controversy between the Plaintiffs and Primacy Risk.[7]

Lastly, Rule 19(a)'s third type of required party—one that is necessary to ensure that existing parties are not exposed to multiple or inconsistent obligations—is inapplicable here. The Plaintiffs' arguments pursuant to Rule 19(a) are rejected.

The Court finds that the Complaint [2] fails to state a claim against Evans and he is improperly joined. The Motion to Remand [18] is DENIED. Evans is dismissed *without prejudice*. *See Int'l Energy Ventures Mgmt.*, 818 F.3d at 209 ("When, as here, a court determines that a non-[

---

[7] The Plaintiffs additionally rely on *Whitehead v. Johnson*, 797 So.2d 317 (Miss. App. 2001) to support their position that Evans is a required party. In *Whitehead*, the Court of Appeals reversed a lower court's grant of summary judgment based on issues of fact pertaining to the circumstances of the procurement of a release. *Id.* at 324. *Whitehead* involved a plaintiff's bodily injury claims against a defendant driver and his employer. As noted with respect to the Plaintiffs' reliance on *Lee*, this case presents a controversy between the Plaintiffs and Primacy Risk that is entirely separate from the Plaintiffs' potential personal injury claims against Evans and B&T Express, which the Plaintiffs did not include in the instant suit. The Court finds that *Whitehead* does not support the Plaintiffs' argument that Evans is required party.

]diverse party has been improperly joined to defeat diversity, that party *must* be dismissed without prejudice.") (emphasis in original).

II.     *Evans' and B&T Express' Motion to Dismiss [20]*

Next, the Court considers Evans' and B&T Express' Motion to Dismiss [20]. The Court has already dismissed Evans *without prejudice* as improperly joined. The Court therefore DENIES as moot the Motion's [20] request to dismiss Evans *with prejudice*.

In its Motion [20], B&T Express argues that the Complaint [2] fails to state a claim against it because it is mentioned in certain factual allegations, but "those allegations have nothing to do with the misrepresentation/fraudulent inducement, unilateral mistake, and equitable estoppel claims. In fact, in the allegations of those causes of action, Evans and B&T are not mentioned at all." [21] at p. 6.

Specific to the Complaint's [2] misrepresentation and fraud in the inducement claim, B&T Express argues that the Complaint [2] fails to satisfy Rule 9(b)'s pleading requirements in that it fails to plead the above-referenced elements of fraud with particularity as to any defendant. B&T Express further argues that even assuming the Complaint's [2] allegations support a claim of fraud, they relate only to Primacy Risk's representation and are therefore insufficient to support a claim of fraud against B&T Express. Rule 9(b)'s heightened pleading standard for allegations of fraud or mistake requires a plaintiff to plead "with particularly the circumstances constituting fraud or mistake," although "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. R. 9(b). "The particularity standard of Rule 9(b) requires the time, place, and contents of the false representation and the identity of the person making the representation." *United States v. Bollinger Shipyards, Inc.*, 775 F.3d 255, 260 (5th Cir. 2014) (citing *United States ex rel Grubbs v. Kanneganti*, 565 F.3d 180, 185 (5th Cir. 2009)).

12

The Court agrees that the Complaint [2] states no claim against B&T Express because it only alleges that Primacy Risk misrepresented the release. Again, a complaint cannot state a plausible claim against a defendant where it fails to allege that the defendant was involved in or connected to the subject misconduct in any way. *See Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). It follows that where a complaint fails to allege that a defendant engaged in wrongdoing, it fails to satisfy Rule 9(b)'s particularity requirements as well.

The Motion to Dismiss [20] is GRANTED as to B&T Express.

III.   *RLI Underwriting's Motion to Dismiss [22]*

Like the other Defendants, RLI argues that the Complaint [2] fails to state a claim against it because "Primacy is the only defendant that is subject to factual allegations that relate to the actual causes of action asserted in the Complaint." [23] at p. 2. RLI admits that the Complaint [2] alleges that it insured Evans and B&T Express, that claims were submitted to RLI, and that RLI did not pay the Plaintiffs. However, per RLI, these allegations have nothing to do with the Complaint's [2] causes of action, which are directed solely at Primacy Risk. Again, the Court agrees.

RLI additionally argues that it should be dismissed because Mississippi law prohibits direct actions against insurers by third parties. "Under Mississippi law, direct actions against insurance companies by third parties are allowed 'for the purpose of seeking declaratory judgment on the question of coverage.'" *Ferguson v. Miss. Farm Bureau Cas. Ins. Co.*, 147 So. 3d 374, 378 (Miss. Ct. App. 2014) (quoting *Miss. Mun. Liab. Plan v. Jordan*, 863 So. 2d 934, 942 (Miss. 2003)).

Moreover, an insurance company is only a proper party where it has denied coverage under the policy. *Jordan*, 863 So. 2d at 942.

RLI contends that the Complaint [2] includes no allegation that it denied coverage to its insured (or anyone else). RLI further asserts that the Complaint [2] does not seek a declaratory judgment on the issue of coverage. As such, according to RLI, it is not a proper party and must be dismissed. The Court agrees. *See, e.g., Peters v. State Farm Mut. Auto. Ins. Co.*, 2006 WL 126770, at *4 (N.D. Miss. Jan. 17, 2006) (finding claim against insurance company improper where it had not denied coverage). RLI's Motion to Dismiss [22] is GRANTED.

*Conclusion*

For the reasons set forth above, the Plaintiffs' Motion to Remand [18] is DENIED. Evans is DISMISSED *without prejudice*. The Clerk of Court shall terminate him as an active Defendant in this litigation on the docket.

B&T Express' Motion to Dismiss [20] is GRANTED in part and DENIED in part. B&T Express is DISMISSED *with prejudice*. The Clerk of Court shall terminate B&T Express as an active Defendant in this litigation on the docket. The request to dismiss Evans *with prejudice* is DENIED as moot.

RLI's Motion to Dismiss [22] is GRANTED. RLI is DISMISSED *with prejudice*. The Clerk of Court shall terminate RLI as an active Defendant in this litigation on the docket.

The Plaintiffs additionally filed a Motion to Stay [24], asking the Court to delay ruling on the Motions to Dismiss [20, 22] until the issue of jurisdiction was resolved. The Court DENIES the Motion to Stay [24] as moot.

The previously-imposed STAY is hereby LIFTED. The Magistrate Judge will convene a Case Management Conference in due course.

14

SO ORDERED, this the 3rd day of June, 2025.

/s/ Sharion Aycock
SENIOR UNITED STATES DISTRICT JUDGE